UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MELISSA ROBERTSON, *as Daughter,* )
*Next Friend, and Special Administrator of* )
*the Estate of Kelly M. Collins, deceased,* )
                                                   )
    Plaintiff,                          )
                                                   )
            v.                                )      Case No. 09-cv-1113
                                                   )
MIKE EMERY, et al.,                )
                                                   )
    Defendants.               )

## O P I N I O N and O R D E R

Before the Court are the Motion to Dismiss or Strike and the Motion to Supplement the Motion to Dismiss or Strike filed by Defendants (Docs. 24 and 33). For the reasons set forth below, the Motion to Dismiss or Strike is GRANTED IN PART and DENIED IN PART and the Motion to Supplement is GRANTED.

### BACKGROUND

The following facts are taken from the Complaint.

On April 5, 2004, Kelly M. Collins was with her husband, Arthur Melvin, in a hotel room in McLean, Illinois using heroin. In the early afternoon, Melvin was in medical distress and the McLean Fire Department responded to the hotel room. Melvin died from a heroin overdose later that afternoon. When police officers Jon Hofmann and Jeff Kretlow (Defendants herein) informed Collins of her husband's death, they noticed that she too appeared to be under the influence of narcotics. She admitted to police officers that she and her husband were using heroin. The police officers searched her room and van and found drugs. Collins subsequently

was arrested and transported to the McLean County Detention Facility ("MCDF") where she was booked at 8:00 p.m.

At the MCDF, Collins came into contact with various correctional officers and medical personnel. Each person noticed or was informed that Collins was exhibiting signs of drug use including slurred speech, inability to stand without support, discolored skin and mouth, cool feeling skin, and perspiration, among other things. After being examined by a nurse at 9:30 p.m. Collins was placed on "15 minute checks." Throughout the course of the evening and night various Correctional Officers observed Plaintiff in the holding cell and observed increasingly bizarre behavior – Collins had stripped off her clothes and the color of her skin turned purplish/blue. At 7:40 a.m. the next day, Plaintiff was again examined by two nurses who found Collins unresponsive and breathing heavily. Prison officials called 911 and Collins was transported to OSF St. Joseph Hospital. At 8:15 a.m. on April 6, 2004, Collins was pronounced dead

Melissa Robertson is Collins daughter. She is suing as her daughter, next friend, and as administrator of Collins' estate. As administrator of Collins' estate, she alleges that the individual Defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment and pursuant to 42 U.S.C. § 1983 (Count 1). She further has alleged a claim of wrongful death and seeks damages on behalf of Collins' decedents (Count 2), a Survival Act claim which asserts that Collins' claims survive her death (Count 3), and a claim that she (Robertson) suffered the intentional infliction of emotional distress (Count 4). Finally, Plaintiff makes a claim for indemnification against McLean County (Count

5). Plaintiff thus seek compensatory and punitive damages for Collins' loss of life, Collins' pain and suffering, Collins' decedent's loss of her support and society, and Robertson's suffering and mental anguish.

## DISCUSSION

Defendants seek dismissal or striking of the punitive damages prayer in Counts 1 through 4, striking of the prayer for attorney fees in Counts 2 through 4, and dismissal of Counts 2 through 4. Plaintiff acknowledges that she cannot seek punitive damages from McLean County on her 42 U.S.C. § 1983 claim (Count 1).[1] Plaintiff also acknowledges that she is not entitled to attorney fees on Counts 2 through 4. Therefore the only issues that remain unresolved are punitive damages with respect to Counts 2 through 4, and Defendant's argument that Counts 2 through 4 should be dismissed.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff, and the complaint's well-pleaded factual allegations must be accepted as true. *Williams v. Ramos*, 71 F.3d 1246, 1250 (7th Cir.1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-30 (7th Cir.1996). However, the Court is not bound by a plaintiff's legal conclusions. *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir.1991). The purpose of a Rule 12(b)(6) motion is to question the availability of a legal formula justifying relief on the alleged facts. *Maple Lanes, Inc. v. Messer*,

---

[1] Nor can she seek punitive damages against Defendants in their official capacity.

186 F.3d 823, 824-25 (7th Cir.1999).  Under Rule 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Defendants argue that Plaintiff's state law claims in Counts 2 and 3 are redundant of her § 1983 claim and must be stricken pursuant to 42 U.S.C. § 1988 and the holding in *Bass v. Wallenstein*, 769 F.2d 1173 (7th Cir. 1985).

In the § 1983 claim, Plaintiff seeks compensatory damages, punitive damages, and attorney fees for Defendants' deliberate indifference to Collins' medical needs that resulted in her suffering and death. *Thomas v. Cook County Sheriff's Dept.*, 588 F.3d 445, 452 (7th Cir. 2009) ("A prison official violates a prisoner's Eighth Amendment rights . . . when he displays deliberate indifference to a serious medical need."). In the Wrongful Death Act claim, 740 ILL. COMP. STAT. 180/1, *et seq.*, Plaintiff states that "decedent's children and other relations have suffered pecuniary damages" because of Collins' death.  To prevail on this claim, Plaintiff must show that Defendants owed a duty to the decedent, that they breached that duty, that the breach caused decedent's death, and that the persons specified in the Act suffered pecuniary damages. *Thompson v. City of Chicago*, 472 F.3d 444, 457 (7th Cir. 2006).  The Act provides that "the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILL. COMP. STAT. § 180/2.  The Survival Act claim, 755 ILL. COMP. STAT. 5/27-6, seeks damages for the pain and suffering inflicted on Collins following Defendants' conduct and prior to her death. *Ellig v. Delnor Community Hosp.*, 603 N.E.2d 1203, 1206-7 (Ill. App. Ct. 1992) (noting that a

Survival Act claim preserves causes of action for personal injury that accrued prior to death).

Section 1988, which is more commonly cited for the subsection that provides for attorney fee awards to prevailing parties in civil rights litigation, provides in relevant part that civil rights law shall be enforced in conformity with other federal law; however to the extent that such federal law is "deficient in the provisions necessary to furnish suitable remedies . . . ," this Court may adopt state law as long as it is not inconsistent with federal law. Essentially, because § 1983 does not contain a standard for the measure of damages, state law provides the rule, as long as it is consistent with federal law. In *Bass by Lewis*, Mary Lewis brought suit pursuant to § 1983 as the administrator of the estate of Johnny Lee Bass and alleged that Defendants violated Bass' Eighth Amendment rights (Bass died while in custody). Mary Lewis did not assert any claims pursuant to Illinois' Wrongful Death Act. The district court, however, instructed the jury that Lewis represented Bass' children and that if the defendant was liable it should assess damages in their favor – the instruction tracked the measure of damages instruction recoverable by beneficiaries in a wrongful death action. The defendant objected by arguing that the jury should only have been instructed that the estate may recover damages for injuries suffered by Bass, and not that his children should be awarded damages under the Wrongful Death Act.

In considering this argument, the Seventh Circuit reaffirmed that in a § 1983 suit, "the estate may recover damages for loss of life, conscious pain and suffering experienced by the decedent prior to death, and punitive damages . . ." *Id.* at 1190.

In a Wrongful Death Act claim, however, the damages represent the survivors' pecuniary loss – "the purpose of the Act is to provide designated survivors with the benefits they would have received from decedent had he lived." *Id.* at 1189. Thus, in a § 1983 suit, damages are not circumscribed by Illinois' Wrongful Death Act: "state law that precludes recovery on behalf of the victim's estate for the loss of life is inconsistent with the deterrent polity of section 1983." *Id.* at 1190. The Seventh Circuit thus ruled that the trial court erred in its damages instruction because it essentially, and wrongly, *converted* the plaintiff's § 1983 claim into one being brought pursuant to the Wrongful Death Act. *Bass* does not stand for the proposition (that Defendants advocate) that a Wrongful Death Act claim is merely redundant of a § 1983 claim; rather, this Court may not convert a § 1983 claim into a Wrongful Death claim because of limitations in damages inherent in a such a claim. Thus, neither § 1988 nor *Bass* mandate striking of Counts 2 and 3.[2]

However, Count 3 does not appear to state a cause of action. Count 3 is purportedly brought pursuant to Illinois Survival Act which does not create a cause of action but which is a "conduit through which a cause of action is transferred to

---

[2] In *Pitzer v. City of East Peoria, Ill.*, 597 F.Supp.2d 806 (C.D. Ill. 2009), this Court recognized that damages on a Complaint that only makes a § 1983 claim can include that set of damages provided by the Wrongful Death Act. In *Pitzer*, the plaintiff did not assert a separate claim under the Wrongful Death Act; however, this Court found that the decedent's estate (that is, the plaintiff) was not precluded from recovering damages for the pecuniary injuries as provided by the statute. This conclusion may, in the present case, lead to the presumption that the inclusion of a Wrongful Death Act claim is merely redundant of Plaintiff's § 1983 claim because any such damages on the state law claim would be incorporated into the § 1983 claim. Such a conclusion would be erroneous. While a § 1983 claim *may* include damages under the Wrongful Death Act, the inclusion of a separate count in this case mandates inclusion of that prayer for relief. Moreover, in the event that Plaintiff's § 1983 claim is dismissed, Plaintiff may still recover under Count 2.

the estate representative." *Owens v. Archer-Daniels-Midland Co.*, 30 F.Supp.2d 1082, 1083-84 (C.D. Ill. 1999); *See also Raisl v. Elwood Industries, Inc.*, 479 N.E.2d 1106, 1108 (Ill App. Ct. 1985) ("The statute does not create a statutory cause of action. It merely permits a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died."). Thus, the Survival Act allows Collins's estate to seek damages incurred by Collins – thus allowing the § 1983 and the wrongful death claim to move forward -- notwithstanding her death. As such, Count 3 is duplicative of Count 1 and is STRICKEN.[3]

Count 4, as pled, alleges that Melissa Robertson suffered severe emotional distress as a result of Defendants' treatment of Collins. In her response to the Motion to Dismiss, Plaintiff appears to allege the emotional distress was suffered by Collins. To the extent that the claim is pled with respect to Robertson, Count 4 is STRICKEN. *See Rekosh v. Parks*, 735 N.E.2d 765, 771 (Il. App. Ct. 2000) (outlining elements necessary to show negligent infliction of emotional distress including proximity to event; and, outlining elements necessary to show intentional infliction of emotional distress including that defendant's action be intended to cause plaintiff distress.). To the extent that Plaintiff is actually claiming that the emotional distress was suffered b Collins, she is GRANTED leave to file an amended complaint to provide a more definite statement pursuant to Rule 12(e). Defendants' remaining argument, that this claim is redundant of Count 3, is without merit.

---

[3] The Complaint is unclear as to any other claim Plaintiff may be asserting on behalf of Collins.

Plaintiff seeks punitive damage on each of her state law claims. In *Marston v. Wagreen Co.*, 907 N.E.2d 851 (Ill App. Ct. 2009), which Defendants brought to the Court 's attention in their Motion to Supplement, the Illinois Court of Appeal had occasion to consider whether punitive damages are recoverable in wrongful death and survival actions. The Court reiterated that, "absent specific statutory authority or very strong equitable reasons, punitive damages are not permitted in Illinois in an action under the Survival Act or as part of a common law action for wrongful death. *Id.* at 857 (*citing Ballweg v. City of Springfield*, 499 N.E.2d 1373 (Ill. 1986). The "equitable reasons" that would justify an exception to the rule are instances were "a party would otherwise be left without any remedy." *Marston*, 907 N.E.2s at 857 (*citing Mattyasovszky v. West Towns Bus Co.*, 330 N.E.2d 509 (Ill. 1975)). Plaintiff has pointed to no statutory authority that would allow punitive damages on her state law claims. Rather, Plaintiff argues that strong equitable reasons allow for such damages in this case.

It should be noted that Plaintiff is entitled to punitive damages on the § 1983 claim. Therefore, to the extent that Plaintiff argues that the public policy behind § 1983 favors punitive damages and that such public policy should transfer to the wrongful death claim (to the extent that it is not brought pursuant to § 1983), and potentially an intentional infliction of emotional distress claim (or any other state law claim), Plaintiff's argument would merely lead to double recovery that is prohibited under Illinois law. *See e.g. Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 963 (Ill. 2002) ("It is well established that for one injury there should only be one recovery irrespective of the availability of multiple remedies and

8

actions."). Plaintiff relies on *Raisl* and *Penberthy v. Price*, 666 N.E.2d 352 (Ill App. Ct. 1996), among other cases, for the proposition that public policy nonetheless favors the imposition of punitive damages on the state law claims. In *Raisl*, the Illinois Court of Appeals found that "punitive damages in [retaliatory discharge under the Workers' Compensation Act] cases are necessary to further the public policy of this State, punish its violators and to afford a complete remedy to unlawfully discharged employees." *Id.* 479 N.E.2d at 1111. In *Penberthy*, the Illinois Court of Appeal found that punitive damages are available in a survival action where "Defendant's conduct, driving under the influence of alcohol, unquestionably offends against a strong and clearly articulated public policy . . . . [and where] the underlying conduct is also a crime." *Id.* 666 N.E.2d at 356. Plaintiff offers no convincing argument that both *Raisl* and *Penberthy* should not be limited to their facts. Indeed, while stating that "public policy" favors punitive damages in this case, Plaintiff points to no expression of public policy by any branch of State government that would allow for punitive damages on the state law claims in this case. Plaintiff has not asserted any violation of state statutes as in *Raisl* nor is there a claim that Defendants committed a crime as in *Penberthy*. Indeed, this is not a situation where the absence of punitive damages on the state law claims would leave Plaintiff without a remedy. As such, this Court declines to extend the rulings in *Raisl* and *Penberthy* in light of the mandate expressed by the Illinois Supreme Court in *Ballweg* and *Mattyasovszky*. *Ballweg*, 499 N.E.2d at 1377 ("Illinois law is clear that punitive damages are not recoverable under the Survival Act."); *Mattyasovszky*, 330 N.E.2d at 511-512 (finding that punitive damages in

wrongful death action are not available if there are other available remedies). The punitive damages claims in Count 2 (and Count 4 if it is re-pled) are hereby STRICKEN.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss or Strike (Doc. 24) is GRANTED IN PART and DENIED IN PART and the Motion to Supplement the Motion to Dismiss or Strike (Doc. 33) is GRANTED.

The punitive damages claims in Count 1 as against McLean County and Defendants in their official capacity only is STRICKEN. The attorney fees claim in Counts 2 is STRICKEN. The punitive damages claim in Count 2 is STRICKEN. Count 3 is STRICKEN. Count 4 is DISMISSED WITHOUT PREJUDICE with leave to re-plead.


Entered this 8th day of March, 2010

                                        s/ Joe B. McDade
                                        JOE BILLY MCDADE
                              Senior United States District Judge